BENJAMIN B. WAGNER
United States Attorney
MATTHEW D. SEGAL
Assistant U.S. Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2708


IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 2:09-CR-08 LKK |
| | ) | |
| Plaintiff, | ) | |
| | ) | STIPULATION AND ORDER |
| v. | ) | CONTINUING DISCOVERY |
| | ) | AND MOTIONS DEADLINES AND |
| DONALD WANLAND | ) | EXCLUDING TIME |
| | ) | |
| | ) | |
| Defendant. | ) | |


On August 7, 2012, the Court heard Defendant's Second Motion for Discovery.

The Court ordered the Government to turn over to Defendant any correspondence with the private trustee in Defendant's personal bankruptcy. On August 13, 2012, the Assistant United States Attorney represented to Defendant that the U.S. Trustee had found no communications with the private trustee of Defendant's bankruptcy (other than what is on PACER).

The Court ordered the Government to turn over IRS internal notes of conversations between IRS officers and Defendant's former counsel, Steven Mopsick, Esq.. On August 13, 2012, the Assistant United States Attorney represented to Defendant that

1

any such memoranda and collection history notes had already been disclosed and that no handwritten notes existed.

In Court, the Assistant United States Attorney stated that there was a grand jury transcript of the testimony of Richard Bernstein, Esq., and the Court ordered the Government to turn that transcript over to the Defendant. On August 13, 2012, the Assistant United States Attorney informed Defendant that the Assistant United States Attorney had been incorrect, and that Bernstein had not been a grand jury witness.

The Court ordered Defendant within five days to provide the Government with copies of whatever Defendant claimed he had sent to the Los Angeles office of the Internal Revenue Service and the Court ordered the Government to search its records and turn over its copies of its correspondence with the Defendant within fifteen days, or to inform the Court. On August 13, 2012, Defendant provided documents to the United States. The Government's preliminary search indicates that it may well have documents to produce but they are in an IRS records storage center. Defendant's letters bear a "re" line that references another person's bankruptcy estate. The Government at this time expects that by September 25, 2012, it will be able to produce whatever results from its search and thus complete the additional discovery production ordered by the Court.

The Court ordered that Defendant shall file any remaining Rule 12 motions within thirty days of receiving the additional discovery ordered and described herein and the Court found excludable time up to the filing of the Defendant's motions.

In light of the Government's ongoing efforts to locate IRS's

records related to the other person's bankruptcy, the parties stipulate that the time between August 7, 2012 and October 25, 2012 should be excluded from calculation of time under the Speedy Trial Act.

The ends of justice are served by the Court excluding such time, so that the Government may have additional time to locate remotely stored records and so that counsel for Defendant may have reasonable time necessary for effective preparation taking into account the exercise of due diligence.  18 U.S.C. § 3161(h)(7)(B)(iv).  In light of the continuance of the Government's production date, the Defendant shall have until October 25, 2012 to file any further Rule 12 motions.  The interests of justice served by granting this continuance outweigh the best interests of the public and the defendant in a speedy trial.  18 U.S.C. § 3161(h)(7)(A).

Respectfully Submitted,

BENJAMIN B. WAGNER
United States Attorney

DATE: September 4, 2012     By:   /s/ Matt Segal
MATTHEW D. SEGAL
Assistant U.S. Attorney

DATE: September 4, 2012      /s/ Eduardo Roy by MDS
EDUARDO ROY
Attorney for Defendant

**SO ORDERED.**

DATE: September 4, 2012

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT