UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

DONALD M. WANLAND, JR.,

        Defendant.
                                      /

NO. CR. S-09-008 LKK

O R D E R

Defendant Donald M. Wanland, Jr. is charged with thirty-five criminal counts, including tax evasion, fraudulent removal or concealment of property subject to levy, and failure to file income tax returns. Superseding Indictment, ECF No. 97. Defendant filed various motions which the government opposed. The matters were heard on January 29, 2013. The court denied all of them.

Below, the court sets out the reasons for its disposition of the motions.

**I.  MOTION TO DISMISS INDICTMENT BASED ON RES JUDICATA**

Defendant moved to dismiss Counts 1 through 32 of the

Superseding Indictment, arguing that these counts are foreclosed by the bankruptcy court's final judgment discharging the Defendant's debts and liabilities to the Internal Revenue Service ("IRS"). Def's Mot., ECF No. 137. Defendant contends that, because the Government failed to raise the claims in the indictment during the bankruptcy proceedings to prevent non-dischargeability,[1] and failed to stay the bankruptcy proceedings pending the outcome of the current criminal matter, the Government should be precluded from pursuing a criminal action concerning the assets and tax liabilities that the bankruptcy court already discharged. Id.

The Government opposes, arguing that the bankruptcy proceedings against Defendant "did not and could not have addressed his criminal liability for the charges in the Superseding Indictment" and, therefore, the bankruptcy proceeding cannot now preclude the current criminal prosecution. Gov't Opp'n, ECF No. 142.

Res judicata, or claim preclusion, prohibits lawsuits on any claims that were raised or *could have been raised* in a prior action. Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (citing Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001)). Res judicata applies when there is: (1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between the parties. Id.

---

[1] 11 U.S.C. § 523(a)(1)(C) provides that "[a] discharge . . . of this title does not discharge an individual debtor from any debt . . . with respect to which the debtor made a fraudulent return or willfully attempted in any manner to evade or defeat such tax." Bankr. Code 11 U.S.C. § 523(a)(1)(C).

2

Claim preclusion does not apply where the claim in question could not have been brought in the prior proceeding due to limitations on the prior court's jurisdiction. Marrese v. Am. Acad. Of Orthopaedic Surgeons, 470 U.S. 373, 382, 105 S.Ct. 1327, 1333 (1985) ("[C]laim preclusion generally does not apply where '[t]he plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy because of the limitations on the subject matter jurisdiction of the courts'.") (citing Restatement (Second) of Judgments § 26(1)(c)(1982)); The Norco, 66 F.2d 651, 653 (9th Cir. 1933) ("Parties are not required to set up and litigate rights over which the court had no jurisdiction in order to protect themselves in enforcing their rights in a court which has jurisdiction.").

The jurisdiction of the bankruptcy courts, like that of other federal courts, is grounded in, and limited by, statute. Celotex Corp. v. Edwards, 514 U.S. 300, 307, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995). Federal bankruptcy original, but non-exclusive, jurisdiction is limited to "*civil* proceedings." In re Gruntz, 202 F.3d 1074, 1085 (9th Cir. 2000) (emphasis included) (citing 28 U.S.C. § 1334(b)).

Because the Government could not have brought its criminal charges against Defendant in the prior bankruptcy proceeding, res judicata does not prohibit the instant criminal action against Defendant. See United States v. Tatum, 943 F.2d 370, 382 (4th Cir. 1991) (holding that "a discharge in bankruptcy entered in a bankruptcy proceeding to which the IRS is a claimant does not,

3

under the doctrine of res judicata, preclude a subsequent criminal prosecution for bankruptcy fraud when the IRS never pursued a claim to set aside the discharge in bankruptcy on grounds of fraud"); United States v. Kunzman, 125 F.3d 1363, 1366 (10th Cir. 1997) (finding that a bankruptcy court's discharge order did not preclude subsequent criminal prosecution under res judicata principles because "[t]he claims raised in defendant's bankruptcy were not identical to those raised in the criminal case") (citing Tatum); cf. In re Gruntz, 202 F.3d at 1085-87 ("The purpose of bankruptcy is to protect those in financial, not moral, difficulty. . . . The fresh start afforded debtors in bankruptcy does not include release from jail.") (citations omitted) (finding that the Bankruptcy Code's automatic stay provision, § 362(a), does not automatically extend to all state criminal proceedings).

Defendant's motion to dismiss the Superseding Indictment based on res judicata, ECF No. 137, is DENIED.

**II. MOTION TO DISMISS COUNTS 2-32 BASED ON THE GOVERNMENT'S FILING OF AN IMPROPER LEVY**

Defendant moved to dismiss Counts 2-32 of the Superseding Indictment, which are brought pursuant to 26 U.S.C. § 7206(4). Def's Mot., ECF No. 138. Defendant contends that 26 U.S.C. § 7206(4) requires, as an element of the offense, proof that the goods or commodities removed or concealed by the defendant are subject to levy, as defined by 26 U.S.C. § 6331. That statute provides, in part, that:

> If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax . . . by levy upon all property and rights to property . . . belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. Levy may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, by serving a notice of levy on the employer . . . of such officer, employee, or elected official.

26 U.S.C. § 6331(a) (2011).

Defendant argues that, because he was a partner, as opposed to an "officer" or an "employee," and received disbursements of partnership profits, as opposed to "salary or wages," the Government is unable to meet its burden of proof as a matter of law. Defendant's argument relies on a cramped reading of the statute.

The "officer" and "employee" provision of the statute upon which Defendant relies refers specifically to people in the employ of "the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia." The court has not found an indication in the record that Defendant was in the employ of the government, nor does the Superseding Indictment allege as much. See, e.g., Superseding Indictment, ECF No. 97, at 2-5. Thus, the sentence in the statute upon which Defendant bases the instant motion to dismiss is not applicable to Defendant.

////

The first sentence of § 6331(a), which the Defendant does not address, applies to "any person liable to pay any tax" who "neglects or refuses to pay the same." This provision of the statute applies to delinquent taxpayers generally, regardless of their particular employment status. Indeed, in the statute's notice requirements, the statute provides that "[l]evy may be made under subsection (a) upon the salary or wages or other property of *any person with respect to any unpaid tax* only after the Secretary has notified such person in writing . . . ." 26 U.S.C. § 6331(d)(1) (2011) (emphasis added). The Supreme Court has similarly found that "§ 6331 provides for the collection of assessed and unpaid taxes 'by levy upon all property and rights to property' belonging to a delinquent taxpayer." Sims v. United States, 359 U.S. 108, 110-11, 3 L.Ed.2d 667, 79 S.Ct. 641 (1959).[2] As an allegedly delinquent taxpayer, Defendant falls within the ambit of those persons subject to § 6331(a).

Even if the Government were alleging that Defendant was in the employ of "the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia," Defendants' nuanced argument as to his particular employment status and the character of his payment would fail at this stage in the proceedings.

Rule 12(b) of the Federal Rules of Criminal Procedure permits consideration of any defense "that the court can determine without

---

[2] The Supreme Court continues that the "only property exempt from levy is that listed in § 6334(a) . . . consisting of certain personal articles and provisions." Id. at 111, fn. 5.

a trial of the general issue." Fed.R.Crim.P. 12(b)(2). A pretrial motion is generally capable of determination before trial if it involves questions of law rather than fact. United States v. Nukida, 8 F.3d 665, 669 (9th Cir. 1993) (citing United States v. Shortt Accountancy Corp., 785 F.2d 1448, 1452 (9th Cir. 1986)). The district court must decide the issue raised in the pretrial motion before trial if it is "entirely segregable" from the evidence to be presented at trial. Shortt Accountancy Corp., 785 F.2d at 1452. However, if the pretrial motion raises factual questions associated with the validity of the defense, the district court cannot make those determinations. United States v. Shafer, 625 F.3d 629, 635 (9th Cir. 2010) (citing Shortt Accountancy Corp., 785 F.2d at 1452). Doing so would "invade the province of the ultimate finder of fact." Id.

Generally, Rule 12(b) motions are appropriate to consider "such matters as former jeopardy, former conviction, former acquittal, statute of limitations, immunity, [and] lack of jurisdiction." Nukida, 8 F.3d at 669 (citing United States v. Smith, 866 F.2d 1092, 1096 n.3 (9th Cir. 1989)).

Defendant's arguments challenge the Government's ability to prove that his employment status and character of payment fall within the ambit of 26 U.S.C. § 6331(a). His motion to dismiss therefore constitutes a premature challenge to the sufficiency of the Government's evidence tending to prove a material element of 26 U.S.C. § 7206(4). Put another way, the motion to dismiss presents at least partially factual disputes as to the actual

nature of Defendant's employment status and the character of his payment. These factual disputes are not entirely segregable from the evidence to be presented by the Government at trial on the "general issue" of the case.

Thus, for purposes of a motion to dismiss, the Defendant's arguments are unavailing. Defendant's motion to dismiss Counts 2-32 of the Superseding Indictment based on the Government's filing of an improper levy, ECF No. 138, is DENIED.

**III. MOTION TO DISMISS COUNTS 2-32 OF THE SUPERSEDING INDICTMENT BASED ON THE STATUTE OF LIMITATIONS**

Defendant moved to dismiss Counts 2-32 of the Superseding Indictment based on his argument that the statute of limitations for violations of 26 U.S.C. § 7206(4), as provided by 26 U.S.C. § 6531, is three years and, thus, the Government's "six year delay in filing a Superseding Indictment" renders the indictment untimely. Def's Mot., ECF No. 139.

The Government does not contest that the Superseding Indictment was filed over three years after the commission of the offenses charged but, instead, counters that the "six-year statute of limitations applies and the charges are timely filed." Gov't's Mot., ECF No. 141.

26 U.S.C. § 6531, setting forth the relevant statute of limitations for criminal prosecutions based on the Internal Revenue Code, provides as follows:

> No person shall be prosecuted, tried, or punished for any of the various offenses arising under the internal revenue laws unless the indictment is

```
                found or the information instituted within 3 years
                next after the commission of the offense, except
                that the period of limitation shall be 6 years -

     (1)    for offenses involving the defrauding or attempting
            to defraud the United States or any agency thereof,
            whether by conspiracy or not, and in any manner;
            . . . .
```

26 U.S.C. § 6531 (West 1954).

26 U.S.C. § 7206(4), the statute under which Defendant is charged for Counts 2-32 of the Superseding Indictment, is entitled, "Removal or concealment with intent to defraud," within the broader category of crimes entitled, "Fraud and false statements," and specifically applies to:

> [a]ny person who . . . [r]emoves, deposits, or conceals, or is concerned in removing, depositing, or concealing, any goods or commodities for or in respect whereof any tax is or shall be imposed, or any property upon which levy is authorized by section 6331, with intent to evade or defeat the assessment or collection of any tax imposed by this title.

26 U.S.C. § 7206(4) (West 1982).

In <u>United States v. Workinger</u>, 90 F.3d 1409 (9th Cir. 1996), the Ninth Circuit addressed the scope of 26 U.S.C. § 6531(1), specifically as it applied to Internal Revenue Code crimes categorized as, "Attempts to interfere with administration of internal revenue law." <u>See</u> 26 U.S.C. § 7212(a). The Ninth Circuit explained that:

> Section 6531(1), by its own terms, does not require that a defendant be expressly indicted for tax fraud. Indeed a reading which so limited it would be inconsistent with the overall structure of the statute. The § 6531 exceptions start out with two

9

> very broad formulations. The first broad exception, as already mentioned, is any offense which "involves" defrauding the United States in any manner. See § 6531(1). . . . These two exceptions appear to cover most acts that a person could perform in an attempt to avoid paying taxes. . . . Nevertheless, § 6531 does go on and list other more specific exceptions . . . . [because] Congress wanted to be sure that mere technical distinctions would not make a difference in the statute of limitations. That underscores rather than undercuts the breadth of § 6531(1). Thus, in § 6531(1) Congress applied the six-year limitations period to offenses other than those mentioned in sections which were labeled "fraud," if those offenses did reflect fraudulent activity. . . . § 6531(1) covers all offenses where fraud is an essential ingredient.

Workinger, 90 F.3d at 1413-14.

The Ninth Circuit's reasoning in Workinger appears dispositive as to the question of whether 26 U.S.C. § 7206(4) falls within the ambit of 26 U.S.C. § 6531(1), and thus, carries a six-year statute of limitations. That is, because the Circuit determined that the breadth of § 6531(1) went beyond merely encompassing defendants "expressly indicted for tax fraud," and extended to "offenses other than those mentioned in sections which were labeled 'fraud,'" then those defendants indicted for tax crimes that fall within the sections specifically labeled "fraud," such as 26 U.S.C. § 7206(4) ("Removal or concealment with intent to defraud"), surely fall under the umbrella of § 6531(1) as well.

Defendant correctly notes that the Ninth Circuit has provided that "where the meaning of a statutory provision is clear, we do not rely upon the location the legislature chose for it in its system of codification . . . just as we do not rely upon the

10

headings and titles of sections in such circumstances." <u>Deutsch v. Turner Corp.</u>, 324 F.3d 692, 707-08 (9th Cir. 2003) (finding that, for purposes of federal preemption, a statute located within the "Code of Civil Procedure, in Title Two: Time of Commencing Civil Actions" was not "purely procedural," but was, instead "substantive in nature"). Nevertheless, where, as here, it is not made explicit whether the element of § 7206(4) requiring an "intent to evade or defeat the assessment or collection of any tax imposed by this title" sufficiently "involv[es] the defrauding or attempting to defraud the United States . . . in any manner," § 6531(1), the title of § 7206(4) is, at least, instructive.

Defendant makes a worthy point in arguing that such an interpretation of § 6531(1) causes the assumed breadth of the six-year statute of limitations exceptions to swallow the general rule of § 6531, providing a three-year statute of limitations. The Ninth Circuit in <u>Workinger</u>, however, did not appear particularly troubled by this reading of the statute, and instead merely noted the ineffectual nature of the three-year statute of limitations and forged ahead. See <u>Workinger</u>, 90 F.3d at 1413 ("Although [§ 6531] states the general rule as being a 3-year period, there are numerous exceptions which render the 3-year period almost irrelevant.") (citing Patricia T. Morgan, *Tax Procedure and Tax Fraud in a Nutshell*, § 13.1.7 (1990)).

Thus, this court finds that the tax crime of "Removal or concealment with intent to defraud"), 26 U.S.C. § 7206(4), falls under this Circuit's broad interpretation of § 6531(1), and

11

therefore the six-year statute of limitations applies. The Government's Superseding Indictment is not untimely filed.

Defendant's motion to dismiss based on the statute of limitations, ECF No. 139, is, therefore, DENIED.

IT IS SO ORDERED.

DATED: May 3, 2013.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT